IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LONNELL REGINALD WIDEMAN,   )        CIV. NO. 13-00081 SOM/RLP
                            )
            Plaintiff,      )
                            )        ORDER DISMISSING COMPLAINT
     vs.                    )        PURSUANT TO 28 U.S.C. §§ 1915A
                            )        & 1915
NEIL ABERCROMBIE, TED SAKAI, )
PHYLLIS HIRONAKA, MICHAEL   )
TOWN, DAVID FUJISHIRO, JOYCE )
HOSHIJO, TOMMY JOHNSON, BERT )
MASUOKA, KEVIN REGO, CHARLES )
SIZEMORE,                   )
                            )
            Defendants.     )
_____)

## ORDER DISMISSING COMPLAINT
## PURSUANT TO 28 U.S.C. §§ 1915A & 1915

Plaintiff Lonnell Reginald Wideman, a prisoner at the
Saguaro Correctional Center ("SCC"), in Eloy, Arizona, brings
this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.
Plaintiff complains that Defendants[1] improperly charged him with
parole violations, revoked his parole, illegally extended his
parole revocation term, and allowed his criminal history to be
published.  Plaintiff also claims that he was attacked by another

_____

[1]Plaintiff names: (1) Hawaii Governor Neil Abercrombie; (2)
Director of the Department of Public Safety ("DPS") Ted Sakai;
(3) Deputy Public Defender Phyllis Hironaka; (4) Hawaii Paroling
Authority ("HPA") Board Members Bert Masuoka (Chairman), Michael
Town, and Joyce Hoshijo; (5) HPA Officers David Fujishiro, Kevin
Rego, and Charles Sizemore; and (6) HPA Administrator Tommy
Johnson (collectively "Defendants").

inmate while he was still imprisoned in Hawaii.

Plaintiff's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2). Plaintiff is given leave to amend, as discussed and limited below.

## I. __BACKGROUND__

Plaintiff was arrested on May 18, 2012, for having allegedly failed to notify parole officer Fujishiro, regarding three separate contacts that Plaintiff had with law enforcement. Plaintiff was not arrested or charged during these police contacts, but was nonetheless required to notify the HPA of any such contact as a condition of his parole. Fujishiro gave Plaintiff notice of the charges on May 21, 2012, but Plaintiff complains that he was never afforded a preliminary hearing regarding the alleged parole violations.

Approximately two months later, on July 16, 2012, Plaintiff appeared before HPA Board Members Masuoka, Town, and Hoshijo at his parole revocation hearing. Plaintiff was represented by Deputy Public Defender Hironaka. HPA Officer Rego acted as prosecutor, and HPA Officer Fujishiro testified. Plaintiff was found to have failed to notify his parole officer of contacts with law enforcement and was sentenced to a seven-year parole revocation term. Plaintiff complains that HPA Defendants relied on inaccurate information, caused or allowed

2

his criminal information to be published, and denied him the right to present allegedly exculpatory evidence at the revocation hearing.  He further alleges that Deputy Public Defender Hironaka provided ineffective assistance of counsel.

Plaintiff also alleges that, on November 9, 2012, he was attacked by an unidentified inmate at HCF.  Plaintiff does not say that any Defendant was personally involved in this incident.  On January 16, 2012, Plaintiff was transferred to Arizona.

Plaintiff claims that Defendants violated his rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the Hawaii constitution, before, during, and after his parole revocation hearing.

## II. **LEGAL STANDARD**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a

3

claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (stating that "we continue to construe pro se filings liberally"). Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. <u>DISCUSSION</u>

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory

4

right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007)
(citation omitted), *vacated and remanded on other grounds*, 129 S.
Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988);
42 U.S.C. § 1983.

 The statute plainly requires that there be an actual
connection or link between the actions of a defendant and the
deprivations alleged. *See Monell v. Dep't of Soc. Serv.*, 436
U.S. 658(1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person
'subjects' another to the deprivation of a constitutional right,
within the meaning of section 1983, if he does an affirmative
act, participates in another's affirmative acts or omits to
perform an act which he is legally required to do that causes the
deprivation of which complaint is made." *Johnson v. Duffy*, 588
F.2d 740, 743 (9th Cir. 1978).

## A. <u>Heck v. Humphrey</u>

 Plaintiff primarily alleges due process violations that
allegedly occurred during his parole revocation proceedings, and
he seeks release and damages. When a prisoner challenges the
legality or duration of his custody, or raises a constitutional
challenge that could entitle him to earlier release, his sole
federal remedy is a writ of habeas corpus. *Wilkinson v. Dotson*,
544 U.S. 74, 78 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 477
(1973). Further, as set forth in *Heck v. Humphrey*, 512 U.S. 477
(1994):

> [T]o recover damages for an allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by
> actions whose unlawfulness would render a conviction or
> sentence invalid, a § 1983 plaintiff must prove that
> the conviction or sentence has been reversed on direct
> appeal, expunged by executive order, declared invalid
> by a state tribunal authorized to make such
> determination, or called into question by a federal
> court's issuance of a writ of habeas corpus[.]

*Id.* 512 U.S. at 486-87; 28 U.S.C. § 2254.  Thus, a prisoner may

not challenge his custody under § 1983, whether he seeks monetary

damages or injunctive release, until that term of custody has

been set aside.

Plaintiff concedes that he is still imprisoned.  Thus,

his parole revocation sentence has not been reversed, expunged,

declared invalid, or otherwise set aside.  Moreover, Plaintiff is

currently challenging these parole revocation proceedings in the

Hawaii state courts.  *See Wideman v. Hawaii Paroling Auth.*,

1PR12-1-000045, CAAP-13-00065 (filed Feb. 5, 2013, Haw. App.),

avail. at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/,

Hawai'i State Judiciary's Public Access to Court Information.

Plaintiff's claims for injunctive, declaratory, and monetary

relief are clearly barred by *Heck* and are DISMISSED without

prejudice to refiling after his parole revocation term has been

set aside.

If Plaintiff's pending state court action is successful

and his parole revocation proceedings and sentence are

overturned, he may then commence a civil rights action seeking

damages pursuant to 42 U.S.C. § 1983, if appropriate.  If his state habeas action is unsuccessful, and he exhausts his claims through the highest state court available to adjudicate them, he may seek habeas relief in this court pursuant to 28 U.S.C. § 2254.

B.  **Eighth Amendment**

Plaintiff also alleges that he was assaulted by another inmate on or about November 9, 2012, while he was incarcerated at the Halawa Correctional Facility ("HCF").  Plaintiff claims that Defendants are responsible for this assault, because their allegedly illegal actions resulted in revocation of his parole, which in turn resulted in his alleged assault at HCF several months later.  *See* Compl., ECF #1 at PageID #10-11.  While this type of claim is properly asserted under § 1983, Plaintiff fails to state a cognizable claim under the facts alleged.

Prison officials are required to take reasonable measures to guarantee the safety of inmates, and they have a duty to protect prisoners from violence at the hands of other prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).  To state a claim for failure to protect or for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were "deliberately indifferent" to his

7

safety.  *Farmer*, 511 U.S. at 834; *Redman v. County of Los Angeles*, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*).
"[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.  That is, an inmate must assert facts supporting an inference that a defendant knew of, but disregarded, an excessive risk to an inmate's safety.  *Id.* at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

Plaintiff provides no details regarding this alleged assault from which the court can infer that Defendants, Hawaii Governor Abercrombie, Department of Public Safety Director Sakai, HPA Officials Town, Hoshijo, Masuoka, Johnson, Fujishiro, Rego, and Sizemore, or Deputy Public Defender Hironaka knew of a substantial, imminent, and credible threat to Plaintiff at HCF and failed to protect him with deliberate indifference to his safety.  Defendants are not prison officials, and Plaintiff fails to explain how they could have known of any danger to him stemming from their involvement in his parole revocation proceedings approximately four months before the alleged assault.

Plaintiff fails to adequately inform the parties and

8

this court of the basis for this "failure-to-protect" claim, or raise an inference greater than the merest possibility that he is entitled to relief. *See Fontana v. Haskin*, 262 F.3d 871, 876-77 (9th Cir. 2001) ("Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief."). Plaintiff's claim that Defendants failed to protect him from assault is DISMISSED.

### 1.   *Hironaka Was Not Acting Under Color of State Law*

Because Defendant Hironaka, Plaintiff's public defender, was not acting under color of state law when she represented him at his parole revocation hearing, she is not subject to suit under § 1983. *See Polk Cnty v. Dodson*, 454 U.S. 312, 325 (1981) (stating that public defenders do not act under color of state law when performing traditional functions as counsel while representing criminal defendants). Claims against Hironaka are DISMISSED.

### 2.   *Eleventh Amendment Immunities*

State officials sued in their official capacities are not persons subject to civil rights suits under § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Hafer v. Melo*, 502 U.S. 21 (1991) (holding that state officers acting in their official capacities are immune from suit under the Eleventh Amendment to the same extent as the government agency that employs them); *Seminole Tribe of Florida v. Florida*,

517 U .S. 44, 53 (1996).  The Eleventh Amendment bars Plaintiff's
damages claims against all Defendants in their official
capacities, and those claims are DISMISSED.

###     3.    *No Respondeat Superior Under § 1983*

            Government officials may not be held liable for the
unconstitutional conduct of their subordinates under a theory of
*respondeat superior*.  *Iqbal*, 556 U.S. at 676.  Rather, each
government official may only be held liable for his or her own
misconduct.  A defendant may be held liable as a supervisor under
§ 1983 if either (1) he or she was personally involved in the
constitutional deprivation, or (2) there is a sufficient causal
connection between the supervisor's wrongful conduct and the
Constitutional violation.  *Starr v. Baca*, 633 F.3d 1191, 1196
(9th Cir. 2011); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.
1989).  In general, a plaintiff "must allege that every
government defendant -- supervisor or subordinate -- acts with
the state of mind required by the underlying constitutional
provision.  *Or. State Univ. Student Alliance v. Ray*, 699 F.3d
1053, 1070 (9th Cir. 2012).  To the extent Plaintiff names
Governor Abercrombie or DPS Director Sakai in their supervisory
capacities over Hawaii's prisons, Plaintiff fails to plead
sufficient facts showing that there is a causal connection
between Abercrombie's or Sakai's actions or inactions and the
assault on November 9, 2012.

### IV.  LEAVE TO AMEND

Plaintiff's Complaint is DISMISSED.  Plaintiff may file a proposed amended complaint on or before **April 2, 2013,** curing the specific deficiencies noted above.  The amended complaint must contain short, plain statements explaining: (1) why his parole revocation claims are not barred by the doctrine of *Heck v. Humphrey*; and (2) facts supporting his Eighth Amendment claim regarding the alleged November 9, 2012, assault, including the names of specific individuals who allegedly failed to protect him from the assault and the facts connecting any Defendant's action or inaction to the alleged violation of Plaintiff's rights.

The proposed amended complaint must clearly designate that it is the "First Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety on court-approved forms and may not incorporate any part of the original Complaint by reference.  *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992). Any cause of action that was raised in the original complaint is waived if it is not raised in an amended complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

### V.  28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a

11

prisoner may not bring a civil action or appeal a civil judgment

*in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility,
> brought an action or appeal in a court of the
> United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, unless
> the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).

## VI.  <u>CONCLUSION</u>

1.  The Complaint is DISMISSED in its entirety for

failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and

1915A(a) .

2.  Plaintiff is granted leave to file an amended

complaint on or before **April 2, 2013**, in compliance with this

Order.  If Plaintiff fails to do so, this action shall be

AUTOMATICALLY DISMISSED, without further notice and the Clerk

SHALL enter judgment stating that the dismissal was made pursuant

to 28 U.S.C. § 1915.

3.  The Clerk of Court is DIRECTED to forward a copy of

the court's prisoner civil rights complaint and instructions to

Plaintiff so that he may comply with this Order.

//

//

//

//

12

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 5, 2013.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Wideman v. Abercrombie, et al.*, 1:13-cv-00084 SOM/BMK; ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915A & 1915; G:\docs\prose attys\Screening\DMP\2013\Wideman 13-81 som (Heck bar, amd for 8th amd. cls).wpd