IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LONNELL REGINALD WIDEMAN, #A0180563, | ) ) ) | CIV. NO. 13-00081 SOM/BMK |
| Plaintiff, | ) ) | DISMISSAL ORDER |
| vs. | ) ) ) | |
| NEIL ABERCROMBIE, et al., | ) ) | |
| Defendants. | ) ) | |

**DISMISSAL ORDER**

On February 27, 2013, the court denied Plaintiff's *in forma pauperis* (IFP) application and notified him to pay the civil filing fee or submit a complete IFP application on court-approved forms on or before March 26, 2013.  Order, ECF No. 4. On March 6, 2013, the court dismissed Plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1), with leave to amend on or before April 2, 2013. Order, ECF No. 5.  Plaintiff has not submitted the filing fee, an IFP application, or an amended complaint.

"District courts have inherent power to control their dockets," and in doing so, may impose sanctions including dismissal of an action.  *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31, 633 (1962) (recognizing courts' power to control their dockets, with or without motion, and noting that in appropriate circumstances, the court may

dismiss a complaint for failure to prosecute without notice or hearing).  Dismissal for failure to prosecute, obey a court order, or comply with local rules may be with prejudice.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to amend complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and comply with local rules).

Before dismissing an action for failure to prosecute, obey a court order, or comply with court rules, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423–24; *see also Ferdik*, 963 F.2d at 1260–61; *Thompson*, 782 F.2d at 831.  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990); *see also Ferdik*, 963 F.2d at 1260

2

(noting that "it is incumbent upon [the Ninth Circuit] to preserve the district courts' power to manage their dockets without being subject to endless vexatious noncompliance of litigants").

The first three factors favor dismissal. Plaintiff's failure to comply with the court's Orders prevents the case from proceeding in the foreseeable future, indicates that Plaintiff is unable to state a cognizable claim, and prejudices Defendants' ability to promptly respond to and investigate his claims. The policy favoring disposition of cases on their merits is satisfied by the court's determination that the Complaint fails to state a claim and is outweighed by the other factors favoring dismissal.

Dismissal for failure to prosecute operates as an adjudication on the merits "[u]nless the court in its order for dismissal otherwise specifies." Fed. R. Civ. P. 41(b). Dismissal with prejudice is appropriate here because Plaintiff has failed to state a claim and is apparently unable to do so. Pursuant to Rule 41(b), this action is DISMISSED with prejudice. The Clerk of Court should note that this dismissal may constitute a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 15, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Wideman v. Abercrombie, et al.*, Civ. No. 13-00081 SOM/BMK; G:\docs\prose attys\Defc'y Ords\DMP\2013\Wideman 13-81 som (dsm fail to amd or pros.).wpd

4