IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LONNELL REGINALD WIDEMAN, #A0180563, | ) ) ) | CIV. NO. 13-00081 SOM/BMK |
| Plaintiff, | ) ) ) | ORDER GRANTING RECONSIDERATION AND VACATING JUDGMENT |
| vs. | ) ) ) ) | |
| NEIL ABERCROMBIE, et al., | ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING RECONSIDERATION**
**AND VACATING JUDGMENT**

Before the court is Plaintiff's motion for reconsideration of the order dismissing this action, entered on April 15, 2013. *See* Order, ECF No. 6 (dismissing action with prejudice pursuant to Fed. R. Civ. P. 41(b), for Plaintiff's failure to file an amended complaint curing the deficiencies noted in the original complaint or to submit a complete *in forma pauperis* (IFP) application or civil filing fee). Plaintiff argues that he was confused by the orders dismissing his complaint and denying his IFP application. *See* Order Denying In Forma Pauperis, ECF No. 4 (Feb. 27, 2013); Order Dismissing Compl., ECF No. 5 (Mar. 6, 2013). Plaintiff also complains that he was never sent an endorsed copy of the original complaint, making it difficult for him to amend his claims. Plaintiff seeks leave "to amend complaint as he is able to and or impose other

sanctions includ[ing] warning or dismissal without prejudice." Mot. for Reconsideration, ECF No. 8 PageID #52.

## I.  DISCUSSION

On February 27, 2013, the court denied Plaintiff's IFP application and notified him to pay the civil filing fee or submit a complete IFP application on court-approved forms on or before **March 26, 2013**.  Order, ECF No. 4.  Plaintiff does not explain why he failed to do either.

On March 6, 2013, the court dismissed Plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1), with leave to amend on or before **April 2, 2013.**  Order, ECF No. 5.  Plaintiff alleges that the Order confused him because it referred to his currently pending state proceedings, and he requires a copy of the original complaint to properly amend his claims.

On **April 15, 2013**, after receiving neither a filing fee, fully completed IFP application, amended complaint, nor other communication from Plaintiff, the court dismissed the action.  Finding that Plaintiff's failure to follow the court's previous orders indicated that he was unable to amend his complaint and therefore chose not to pay the filing fee or submit an IFP application, the court dismissed the action with prejudice.  See Order, ECF No. 6.

In light of Plaintiff's representation that he was confused by the court's orders and failure to receive a copy of his original Complaint, the court VACATES judgment. Plaintiff is ORDERED to submit: (1) the full civil filing fee of $400; **or** (2) a fully completed IFP application showing that he is a pauper within the meaning of 28 U.S.C. § 1915. Regardless of whether Plaintiff selects (1) or (2), Plaintiff is ORDERED to also submit (3) an amended complaint curing the deficiencies noted in the Order Dismissing Complaint filed on March 6, 2013. Either (1) or (2), as well as (3) must be submitted **on or before June 3, 2013.** Failure to satisfy this Order will result in **dismissal of this action without prejudice**.

The Clerk SHALL send Plaintiff copies of the original Complaint, ECF No. 1; the Order Denying In Forma Pauperis, ECF No. 4; the Order Dismissing Complaint, ECF No. 5; and the court's *in forma pauperis* application and prisoner civil rights complaint form, so that Plaintiff can comply with this Order.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, May 13, 2013.



      /s/ Susan Oki Mollway
      Susan Oki Mollway
      Chief United States District Judge

*Wideman v. Abercrombie, et al.*, Civ. No. 13-00081 SOM/BMK; G:\docs\prose attys\Recon\DMP\2013\Wideman 13-81 som (grt, dsm w out prej.).wpd